FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2006 JUN 26 P 4: 19

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES OF AMERICA

vs.

: NO. **2 : 06 cr 149**

18 U.S.C. §287

**JUDGE SMITH**

LM PRODUCTS INC.

PLEA AGREEMENT

Plaintiff United States of America and Defendant LM PRODUCTS INC., hereby enter into the following Plea agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1.   Defendant LM PRODUCTS INC., will enter a plea of guilty to Counts One and Two of the Information filed herein which charges LM PRODUCTS INC. with filing false and fraudulent claims with the Department of Defense, in violation of 18 U.S.C. §287.

2.   Defendant LM PRODUCTS INC., understands the maximum penalty that may be imposed, for each count, pursuant to its plea of guilty is a maximum term of probation of five years and a fine of $500,000.

3.   Prior to or at the time the defendant is sentenced, the defendant will pay a special assessment of $400.00

1

as to each count as required in 18 U.S.C. §3013. This assessment shall be paid by the defendant before sentence is imposed and defendant will furnish a receipt at the time of sentencing. The payments shall be made to the United States District Court, at the Clerk's Office, 85 Marconi Blvd., Columbus, Ohio 43215.

4. If such plea of guilty is entered, and not withdrawn, and defendant LM PRODUCTS INC., acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees not to file additional charges against Defendant LM PRODUCTS INC. and its employees, based on the conduct charged in the Information.

5. The United States Attorney agrees to recommend, that for the purposes of sentencing that as of the time of the execution of this Plea Agreement the defendant LM PRODUCTS has accepted responsibility for the offense to which it has agreed to plead guilty. However, the defendant understands that any agreements herein are not binding on the Court and the final determination of the applicable guideline range for Defendant's sentence rests solely with the Court.

6. Defendant LM PRODUCTS INC., understands that this agreement does not protect LM PRODUCTS INC. from prosecution for other crimes or offenses as to which LM PRODUCTS INC. does not make admissions or give truthful information and which the United

2

States discovers by independent investigation. Further, should the Defendant LM PRODUCTS INC., fail to comply fully with the terms and conditions set forth herein or fail to appear as required for sentencing, this agreement is voidable at the election of the government, and Defendant LM PRODUCTS INC., shall be subject to prosecution as if the agreement had never been made.

8. It is agreed if the Court refuses to accept any provision of this Plea Agreement, with the exceptions of paragraphs 5 and 10, neither party is bound by any of its provisions, Defendant LM PRODUCTS INC., may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may seek leave to dismiss the Information without prejudice and may seek identical and additional charges. Defendant LM PRODUCTS INC., will not object to such dismissal or filing of further charges.

9. Defendant LM PRODUCTS INC., is aware that the sentence will be imposed in accordance with the Sentencing Guidelines and Policy Statements. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. Defendant LM PRODUCTS

INC., is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The defendant admits to each element of the crime necessary to establish guilt, waives a trial and all constitutional rights related to a trial regarding the crime and waives all constitutional rights to have a jury determine any aspect of what sentence will be imposed, including any element of the crime that affects the sentence; and the defendant agrees that the Court will determine all aspects of sentence based on the preponderance of evidence standard.

10. The defendant LM PRODUCTS INC. agrees to pay restitution to the Department of Defense in the amount of $67,447.58. The government acknowledges that it currently holds in trust a refund check (#13683) in the amount of $4,831.66 for contract number SP0540-0-M-1573 that will be credited towards this restitution amount. However, the government further acknowledges that the relevant conduct amount, attributable to

4

currently provable criminal conduct of Defendant LM PRODUCTS, INC., is $22,673.58.

11. By virtue of its guilty plea to Counts one and two of the Information Defendant LM PRODUCTS INC., understands that LM PRODUCTS INC. is not a prevailing party as defined by 18 U.S.C. §3006A and hereby expressly waives any right to sue the United States.

12. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties.

5-5-06
Dated

LUCILLE MULVAHILL, President of LM Products Inc.
Defendant

MICHAEL RATAJ
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

J. MICHAEL MAROUS (0015332)
Assistant United States Attorney

5